UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01156-SVW-AS | Date | August 27, 2021 |
|---|---|---|---|
| Title | City of Corona v. 3M Company et al | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DENYING DEFENDANT 3M'S MOTION TO STAY [31] AND GRANTING PLAINTIFFS' MOTION TO REMAND [26].

Before the Court are three motions: Defendant 3M's motion to stay further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this case, Plaintiffs' motion to remand to state court, and Defendant 3M's motion to dismiss. ECF Nos. 24, 26, 31. The Court finds that these motions are suitable for disposition without oral argument. *See* L.R. 7-15. For the below reasons, the motion to stay is DENIED, and the motion remand to GRANTED. Accordingly, the Court does not reach 3M's motion to dismiss.

**I. Background**

Plaintiffs, the City of Corona and the Corona Utility Authority, filed this action in California state court against Defendant 3M Company and several others, seeking to recover damages for the costs to remediate contamination of the city's water supply with certain synthetic per- and polyfluoroalkyl substances ("PFAS") that are harmful to human health. Compl. ¶ 1-3, ECF 1-1. Plaintiffs allege that Defendants' manufacturing activities led to PFAS contamination in the city's water. *Id.* ¶ 4-6, 9-11.

Defendant 3M removed this case to federal court on the basis of the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Notice Removal 2, ECF 1-1. 3M asserted that any alleged PFAS contamination resulted at least in part from its production of a fire-extinguishing agent, aqueous film-forming foam, which must conform to strict military specifications ("MilSpec AFFF"). *Id.* at 1. According to 3M, its manufacture of MilSpec AFFF pursuant to the government's specifications means

:  _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01156-SVW-AS | Date | August 27, 2021 |
|---|---|---|---|
| Title | *City of Corona v. 3M Company et al* | | |

that it was "acting under" the direction of a federal officer and is thus entitled to remove under § 1442(a)(1). *Id.* at 11-12.

After removal, 3M filed a motion to dismiss the claims against it, principally on the grounds that Plaintiffs' allegations included insufficient factual detail to raise a plausible entitlement to relief. Mot. Dismiss 6-9, ECF No. 24. Plaintiffs, in turn, filed a motion to remand the case back to state court, claiming that 3M had failed to adequately demonstrate that federal officer removal applied. Mot. Remand 1, ECF No. 26. Finally, 3M filed a motion with JPML, asking it to transfer this case to an ongoing multidistrict litigation (MDL) involving products liability claims arising from MilSpec AFFF. Mot. Transfer, MDL No. 2873, ECF No. 1061 (J.P.M.L.). 3M then filed a motion in this Court, requesting a stay of further proceedings pending a decision by the JPML on whether to transfer the case. Mot. Stay 1, ECF No. 31.

The Court now considers 3M's motion to dismiss, Plaintiffs' motion to remand, and 3M's motion to stay.

**II. Motion to Stay**

Defendant 3M has moved to stay further proceedings pending a decision by the JMPL on whether to transfer this case to the ongoing MilSpec AFFF MDL before the Honorable Richard Gergel in the District of South Carolina. 3M argues that this Court should therefore decline to rule on Plaintiffs' motion to remand to state court. Mot. Stay 2. According to 3M, staying the case would avoid needlessly expending judicial resources on resolving the issue of remand when the MDL court is likely to consider similar issues in the cases consolidated before it. *Id.* at 5.

Plaintiffs oppose 3M's motion in part. Opp. Stay, ECF No. 37. They argue that this Court should first resolve their motion to remand and only stay the case if remand is denied. *Id.* at 1.

**A. Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01156-SVW-AS | Date | August 27, 2021 |
|---|---|---|---|
| Title | *City of Corona v. 3M Company et al* | | |

litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay bears the burden of establishing that a stay is appropriate. *See Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (9th Cir. 1977) (citing *Landis*, 299 U.S. at 255).

Courts in this district have employed two tests for evaluating a motion to stay pending a JPML motion to transfer: the *Rivers* test and the *Meyers* test. *See Jones v. Sanofi US Serv's Inc.*, 2018 WL 6842605, at *1 (C.D. Cal. Nov. 19, 2018). The *Rivers* test assesses "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing same factors in general test for granting a stay). The *Meyers* test, which focuses specifically on staying a motion on remand, instructs courts to "(1) give preliminary scrutiny to the motion to remand; (2) assess whether the jurisdictional issue appears factually or legally difficult; and (3) consider whether the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred." *Jones*, 2018 WL 6842605 at *1 (internal quotations omitted) (citing *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)).

Despite their slightly different formulations, both tests focus on the same essential inquiry: how similar is the jurisdictional issue in the instant case to cases that are or will be in the MDL? *See also Benninghoff v. Ortho-McNeil Pharmaceutical, Inc.*, 2011 WL 13218034 at *2 (C.D. Cal Apr. 6, 2011). If the remand issue is highly similar to cases in the MDL, then judicial economy counsels in favor of a stay so that, if transferred, the MDL court can resolve all the related issues together. However, if the remand issue is unique to the case at hand, no efficiencies are achieved through transfer – the same amount of judicial resources must be expended, whether by the transferee court or the MDL court.

**B. Discussion**

The issues underlying Plaintiffs' motion to remand are unique to this case. Thus, no judicial efficiencies would be achieved by staying the case.

3M removed this case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), arguing that Plaintiffs' claims arose at least in part from its production MilSpec AFFF.

:
_____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01156-SVW-AS | Date | August 27, 2021 |
|---|---|---|---|
| Title | *City of Corona v. 3M Company et al* | | |

Notice Removal 2. As is discussed further, *see* Section III, *supra*, 3M bases its argument on the way Plaintiffs' counsel characterized similar claims in a related case before this Court: *Orange County Water Dist. v. 3M Co.*, No. 8:21-cv-01029 (C.D. Cal) ("*OCWD*"). *Id.* at 1. Plaintiffs respond that the assertions made by its counsel in a different case have no bearing on removal here and that 3M failed to offer any facts demonstrating that federal officer removal applies. Mot. Remand 1.

These arguments raise issues that are unlikely to be shared with other cases in the MilSpec AFFF MDL. Even Defendant's own argument for federal jurisdiction – based on assertions by Plaintiffs' counsel in the related *OCWD* case – is case-specific and doubtful to arise in other cases in the MDL. Further, the key inquiry for remand is whether any of 3M's activities related to the production of MilSpec AFFF contributed to Plaintiffs' harm in *this* case. That is a factual question unlikely to be implicated by claims by other geographically dispersed plaintiffs in the MDL. While 3M points out that the MDL court has already addressed questions of federal officer jurisdiction based on MilSpec AFFF production, Def. Mot. Remand 5, the general applicability of federal officer jurisdiction is a separate matter from whether there is a specific factual basis for such jurisdiction here.

Thus, in applying the two tests used by courts in this district, there is no basis for a stay. Under the *Rivers* test, given the relatively short length of a potential stay,[1] this Court is not persuaded that a stay would work significant prejudice to Plaintiffs. *See Rivers*, 980 F. Supp. at 1360. Nor would 3M suffer significant prejudice were a stay not granted and the issue of remand resolved now since both this Court and the MDL court have the power to determine jurisdiction. *See id; Benninghoff*, 2011 WL 13218034 at *3. Given that the first two factors do not militate strongly either way, the fact that a stay would not promote conservation of judicial resources indicates that a stay is unwarranted. *See Rivers*, 980 F. Supp. at 1360.

The *Meyers* test reaches the same conclusion. A "preliminary" analysis of Plaintiffs' motion to remand, *see* Section II, *supra*, reveals that it turns on the relatively straightforward factual question of whether the alleged PFAS contamination of the city of Corona's water supply could be the result of MilSpec AFFF production. *See Meyers*, 143 F. Supp. 2d at 1049. This specific factual issue is unlikely

---

[1] The JPML is set to hear 3M's Motion to Transfer on September 30, 2021, with a decision to follow thereafter. Hearing Order, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L.), ECF No. 1071.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01156-SVW-AS | Date | August 27, 2021 |
|---|---|---|---|
| Title | *City of Corona v. 3M Company et al* | | |

to be similar to the jurisdictional issues in cases in the MDL, which weighs against a stay. *See id.*

Thus, on the basis of both the *Rivers* and *Meyers* tests, 3M has not met its burden of establishing that a stay is appropriate. *See Ohio Envtl. Council*, 565 F.2d at 396. This conclusion is bolstered by the "obligation" of federal courts to ensure that they do not exceed the scope of their jurisdiction, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011), which counsels in favor of the timely remand of cases for which there is not federal jurisdiction.

Accordingly, 3M's motion to stay is DENIED.

**II. Motion to Remand**

Defendant 3M removed this case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Notice Removal 2. Plaintiffs subsequently filed a motion to remand back to state court, arguing that removal was improper and that there is no basis for federal officer jurisdiction. Mot. Remand 1.

   **A. Legal Standard**

Title 28 U.S.C. § 1442(a)(1) provides for the removal to federal court of state court actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer)." While the grounds for removal ordinarily must be evident from the face of the plaintiff's well-pleaded complaint, under § 1442, cases can be removed on the basis of a "colorable federal defense." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

Even private parties can exercise federal officer removal when they can show that they were a "person acting under" a federal officer. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) To do so, a party must demonstrate that "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Id.*

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01156-SVW-AS | Date | August 27, 2021 |
|---|---|---|---|
| Title | City of Corona v. 3M Company et al | | |

**B. Discussion**

3M hangs its argument for federal officer removal on the assertions of Plaintiffs' counsel in the related *OCWD* case. There, several water districts and municipalities in Orange County sued the same Defendants in this case, alleging similar claims of PFAS contamination in the water supply. Decl. of Daniel Queen, Ex. 1 at 1, *OCWD*, ECF No. 2-1. 3M removed that case on the same § 1442(a)(1) basis that it cites here. Notice Removal, *OCWD*, ECF No. 1. However, the *OCWD* plaintiffs argued that removal was untimely, as the basis for removal was ascertainable from the complaint, and 3M's removal was filed more than 30 days after the complaint. Mot. Remand 6-7, *OCWD*, ECF No. 39. In doing so, counsel for the *OCWD* plaintiffs asserted that the allegations in the complaint, on their face, encompassed claims "resulting from the use of *any* of 3M's products containing PFOA or PFOS in Orange County, including MilSpec AFFF." *Id.* at 8.

3M now seizes on that statement, arguing that since the Plaintiffs here make identical claims and are represented by identical counsel as the *OCWD* plaintiffs, their allegations must also encompass and include MilSpec AFFF claims. Opp. Remand 3-4, ECF No. 32. However, this argument fails for two reasons.

First, 3M cites no authority for the proposition that the arguments made by Plaintiffs' counsel in a different case, on behalf of different clients, are binding on the Plaintiffs in this case. Even if the language of the complaints is identical, it does not follow that the *OCWD* plaintiffs' characterization of their claims must be applied to the Plaintiffs claims here.

Second, 3M's argument misses the point: regardless of what plaintiffs in another case asserted, 3M must "allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). 3M has failed to do.

3M has not demonstrated a causal connection between its actions taken pursuant to the direction of federal officers and the Plaintiffs' harm.[2] *See Durham*, 445 F.3d at 1251. MilSpec AFFF is not the

---

[2] Because 3M has failed to demonstrate a causal link and thus is not entitled to federal officer removal, the Court declines to address whether 3M constitutes "a person" within 28 U.S.C. § 1442(a)(1) or has a "colorable federal defense" – the first and

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01156-SVW-AS | Date | August 27, 2021 |
|---|---|---|---|
| Title | *City of Corona v. 3M Company et al* | | |

only product whose manufacture could involve PFAS – indeed, Plaintiffs' complaint specifically points to roofing granules manufactured at a 3M facility in Corona as a source of alleged PFAS contamination in the city's water. Compl. ¶ 5. For products that are not manufactured pursuant to federal government specifications, such as the roofing granules, 3M cannot claim that it was "acting under" the direction of a federal official, and thus there is no basis for removal.

Accordingly, to be entitled to removal under § 1442(a)(1), 3M must make a sufficient factual showing that the alleged PFAS contamination in *this* case was likely caused, at least in part, by MilSpec AFFF and not some other PFAS-generating product. It is true that at this jurisdictional stage, a court must credit the defendant's theory of the case in evaluating whether a causal nexus exists. *Leite*, 749 F.3d at 1124. But 3M has failed to offer any theory factually linking MilSpec AFFF and the Plaintiffs' harms here.

3M could have identified a site – geographically close enough to Corona to have caused any alleged PFAS contamination – where it produced MilSpec AFFF or where MilSpec AFFF it produced was used. For example, in *OCWD*, 3M identified at least three military bases in Orange County where MilSpec AFFF was used and was a likely contributor to PFAS contamination in the area. Notice Removal 8-9, *OCWD*. But 3M has not identified any comparable source for potential contamination in Corona, which is in Riverside County.

Only its opposition motion does 3M make a one-sentence reference to a potential source of PFAS linked to MilSpec AFFF: the San Bernardino Airport, where AFFF was used. Opp. Remand 9. However, even taking this as true, this passing reference to a site in a completely different county lacks any supporting factual allegations that PFAS compounds from the airport could have even made it all the way to Corona and thus does not adequately allege the causal link necessary for removal jurisdiction. *See Leite*, 749 F.3d at 1121-22.[3]

---

third prongs of the *Durham* test. *See* 445 F.3d at 1251.

[3] Further, *Leite* instructs courts to evaluate removal and remand under a framework analogous to that used when defendant asserts a Rule 12(b)(1) challenge to a plaintiff's invocation of federal jurisdiction in the first instance. 749 F.3d at 1121-22. Adapted to the removal and remand context, when a plaintiff challenges the defendant's factual allegations in support of removal jurisdiction, as Plaintiffs do here, Pl. Reply 4, n.4, ECF No. 35, the defendant has the ultimate burden of proving by a preponderance of the evidence that the requirements for removal jurisdiction have been met. *Leite*, 749 F.3d at 1122. Thus,

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-01156-SVW-AS | Date | August 27, 2021 |
|---|---|---|---|
| Title | *City of Corona v. 3M Company et al* | | |

Instead, 3M has rested virtually its entire argument for federal jurisdiction on statements from a motion in a different case, by a different plaintiff, from a different county entirely. Yet, even if this court credited 3M's argument and construed Plaintiffs' claims here as encompassing any potential claims arising out of MilSpec AFFF, that would still not relieve 3M of its burden to allege sufficient facts that indicate Plaintiffs' claims *actually are* causally linked to AFFF use, as is required for removal jurisdiction. *See Leite*, 749 F.3d at 1122. 3M has not met that burden.

Thus, for the foregoing reasons, Plaintiff's motion to remand to the Superior Court of California, County of Riverside is GRANTED.

**III. Conclusion**

Defendant 3M's motion to stay pending a decision by the JPML is DENIED, and Plaintiffs' motion to remand is GRANTED. Accordingly, the Court does not reach 3M's motion to dismiss.

**IT IS SO ORDERED.**

---

3M's cursory reference to AFFF use at an airport in a different county clearly falls far short of proving a causal link by a preponderance of the evidence, especially given Plaintiffs' identification of 3M's roofing granule facility, located in Corona itself, as a potential source of PFAS. Compl. ¶ 5-6.

Initials of Preparer   PMC